UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-23275-CIV-COHN/SELTZER

ADEL BRAHIM,

    Plaintiff,

v.

ERIC H. HOLDER, JR., Attorney General,

    Respondent.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Complaint [DE 23] ("Motion"). The Court has considered the Motion, Plaintiff's Response [DE 25] ("Response"), Defendant's Reply [DE 27] ("Reply"), the record in the case, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Adel Brahim ("Plaintiff") seeks judicial review of the denial of his Form I-212 Application for Permission to Reapply for Admission into the United States after Deportation or Removal ("I-212"). Complaint [DE 1] at 2. Since June 1998, Plaintiff has been removed from the United States on five separate accessions, the last occurring on October 17, 2005. Id. at 3. Plaintiff has also been twice convicted of illegal reentry into the United States after removal in violation of 8 U.S.C. § 1326. Id.

According to the Complaint, Plaintiff married a United States citizen, Brooke Ferenchak, on May 27, 2006. Id. On September 26, 2009, Ms. Ferenchak filed an I-130 petition on Plaintiff's behalf. Id. This petition was approved on April 22, 2009. Id. at 3-4. Plaintiff thereafter filed a Form I-212 and Form I-601 Application for Waiver of

Grounds of Inadmissibility ("I-601") at the U.S. Embassy in Tunisia on April 19, 2011. Id. at 4.  On December 29, 2011, the United States Citizenship and Immigration Services ("USCIS") Rome District Office denied the Form I-601 pursuant to section 212(a)(9) of the Immigration and Nationality Act ("INA"), 28 U.S.C. § 1182, because Plaintiff had not been outside the Untied States for ten years prior to submitting the I-212 and I-601 petitions.  Id.  Plaintiff contends that he should be found eligible for the Form I-212 waiver and his I-601 application should be reconsidered.  Id.  He also maintains that this Court may review USCIS' refusal to adjudicate his I-601 and I-212 petitions under the Administrative Procedures Act.  Id.

Defendant has moved to dismiss the Complaint for improper formatting and naming of the Defendant,[1] improper venue, failure to specify the basis of this Court's jurisdiction, and failure to state a claim.  Plaintiff opposes the Motion.

II. ANALYSIS

**A. Legal Standard.**

1. Improper Venue Pursuant to Rule 12(b)(3).

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss a case based upon "improper venue."  Fed. R. Civ. P. 12(b)(3).  When a defendant moves to dismiss the complaint under Rule 12(b)(3), "the plaintiff bears the burden of showing

---

[1] Specifically, Defendant contends that the Complaint should be dismissed because Plaintiff fails to comply with Rules 8(a)(1), (a)(2), 8(d)(1), and 10(b).  Motion at 7-8.  Defendant also maintains that the Department of Homeland Security, not the Department of Justice or Eric Holder, would be the proper defendant in this case.  Id. While Defendant is correct that the Complaint does not conform with these rules because substantive issues require dismissal of the Complaint with prejudice, the Court declines to address these pleading deficiencies or whether Eric Holder is a proper defendant.

that the venue selected is proper." Hemispherx Biopharma, Inc. v. MidSouth Capital, Inc., 669 F. Supp. 2d 1353, 1356 (S.D. Fla. 2009). The court may consider evidence outside of the pleadings and may make findings of fact necessary to resolve the motion. Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008).  All facts alleged in the complaint are accepted as true, provided they are not controverted by the defendant's evidence. Delong Equip. Co. v. Wash. Mills Abrasive Co., 840 F.2d 843, 845 (11th Cir. 1988). Any actual conflicts must be resolved in the plaintiff's favor. Wai v. Rainbow Holdings, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004).

In actions against United States agencies or officers, venue is proper "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1).  For venue purposes, the residence of a federal agency is the place where the entity performs its official duties. Reuben H. Donnelley Corp. v. F.T.C., 580 F.2d 264, 267 (7th Cir. 1978). Officers and agencies of the United States can have more than one residence and therefore, venue can properly lie in more than one jurisdiction.  Bartman v. Cheney, 827 F. Supp. 1 (D.D.C. 1993).  However, the mere fact that an agency maintains a regional office in another judicial district does not render it a resident of that district for venue purposes. F.T.C., 580 F.2d at 267.

### 2. Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1).

Federal courts are courts of limited jurisdiction.  See 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed.

1984 & Supp. 2008).  Subject matter jurisdiction challenges may be either facial or factual.  Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990).  "A facial attack on the complaint requires the court to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations of his complaint are taken as true for the purposes of the motion."  Smith v. Sec'y, U.S. Dep't of Commerce, 495 F. A'ppx 10, 11 (11th Cir. 2012) (citing Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)).[2]

In a factual challenge, the court may consider extrinsic evidence such as testimony and affidavits.  Lawrence, 919 F.2d at 1529.  The Court need not take the allegations in the complaint as true.  Id.  Instead, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  Id.  "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  Id.  Additionally, the plaintiff "has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction."  Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981).

### 3. Failure to State a Claim Pursuant to Rule 12(b)(6).

Under Fed. R. Civ. P. 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action.  Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308

---

[2] The decisions of the former United States Court of Appeals for the Fifth Circuit issued before September 30, 1981, are binding precedent in the Eleventh Circuit.  Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

(11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. Accordingly, a well pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" Id. at 556.

### B. Dismissal of the Complaint for Improper Venue is Proper.

Defendant argues that the Complaint should be dismissed because Plaintiff has failed to meet his burden of establishing that venue is proper in this district. Motion at 8-9. Defendant maintains that the residence of the Defendant is Washington, D.C., because the attorney general performs his official duties there. Id. at 8. Moreover, no events or omissions giving rise to the claim occurred in this district. Id. Finally, the Plaintiff resides outside of the country. Id. at 9. In opposition, Plaintiff argues that venue is proper here because the Plaintiff's spouse, Brooke Ferenchak, a resident of this district, is a party to this action. Response at 6. In the event that Ms. Ferenchak is not a party, Plaintiff requests leave to amend his Complaint to add her as a party. Id.

The Court agrees with Defendant that Plaintiff has failed to establish that venue is proper here. First, the Defendant resides in Washington, D.C., not the Southern

District of Florida, for venue purposes.  See 28 U.S.C. § 1391(e)(1)(A); F.T.C., 580 F.2d at 267.  Second, no events or omissions giving rise to the claim occurred in this district because Plaintiff's I-601 and I-212 applications were considered at the USCIS field office in Rome, Italy, not the Southern District of Florida.  See 28 U.S.C. § 1391(e)(1)(B); Compl. at 4.  Finally, the Plaintiff's wife is not a named party in this action–despite Plaintiff's protestations to the contrary[3]-- and Plaintiff resides in Tunisia.  Thus, venue under 28 U.S.C. § 1391(e)(1)(C) is not proper.

      C. The Court Lacks Subject Matter Jurisdiction To Consider Plaintiff's Claim.

Defendant next argues that the Complaint should be dismissed because Plaintiff has failed to state a basis for federal jurisdiction.  Motion at 10.  Additionally, Defendant contends that the Court only would have jurisdiction to determine whether Plaintiff has met the statutory requirements to file an I-212 application; the Court lacks jurisdiction to review the Secretary of Homeland Security's discretionary decision whether to grant the I-212 application.  Id. at 10-11.  In opposition, Plaintiff contends that this Court has jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D) and that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Response at 9.  Plaintiff also maintains that

---

[3]    The Court is troubled that Plaintiff misrepresents that Ms. Ferenchak is a party in his Response.  Nonetheless, the Court finds that it would be futile to grant Plaintiff leave to amend his Complaint to add Ms. Ferenchak as a party.  As the Defendant points out, Ms. Ferenchak's I-130 petition was approved.  Motion at 9 n.2.  Plaintiff, not Ms. Ferenchak, is the applicant on Plaintiff's I-601 application.  See Form I-601 [DE 27-1].  Indeed, the instructions accompanying the Form I-601 do not permit a spouse to apply.  See id. at 5.  Moreover, even if a spouse could file a Form I-601 on her husband's behalf, this form was returned to Plaintiff when his wife signed it because she was not the applicant.  Id. at 1.  This Court cannot review the Secretary's decision not to grant a hardship waiver.  8 U.S.C. § 1182(a)(9)(B)(v).  Thus, Ms. Ferenchak has not suffered a constitutional injury and would not have standing to sue.  See Reply at 3-5.

6

the Court has jurisdiction pursuant to the Administrative Procedure Act, 5 U.S.C. § 702 ("APA").  Id.

The Court agrees with Defendant that the Complaint fails to state a basis for federal jurisdiction.  Nowhere does the Complaint reference 28 U.S.C. § 1331.  See Reply at 5.  It is axiomatic that a plaintiff may not amend his Complaint in a response to a motion to dismiss.  See Long v. Satz, 181 F.3d 1275, 1278-79 (11th Cir. 1999)); see also Bruhl v. PriceWaterhouseCoopers Int'l, No. 03–23044, 2007 WL 997362, at *4 (S.D. Fla. Mar. 27, 2007) (noting that a plaintiff may not supplant allegations made in their complaint with new allegations raised in a response to a motion to dismiss); accord Walker v. City of Orlando, No. 07–651, 2007 WL 1839431, at *5 (M.D. Fla. Jun. 26, 2007) (limiting consideration to the allegations contained in the complaint, even when new allegations were raised in response to a Motion to Dismiss).  Thus, because the Complaint does not reference 28 U.S.C. § 1331, this statute cannot form a basis for federal subject matter jurisdiction.

Second, the APA, a statute cited in the Complaint, does not provide an independent basis for federal subject matter jurisdiction.  See Califano v. Sanders, 430 U.S. 99, 107 (1977).  In Califano v. Sanders, the United States Supreme Court held that the APA "does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action."  Id.  Finally, 8 U.S.C. § 1252(a)(2)(D),[4] also

---

[4]  This section provides: "[n]othing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."  8 U.S.C. § 1252(a)(2)(D).

cited by Plaintiff in both his Response and the Complaint, is inapplicable to this case. This provision applies solely to judicial review of orders of removal.  This case does not involve an order of removal.  It also vests jurisdiction solely with a court of appeals. Thus, even if this statute somehow applied to this case, it would not provide a basis for jurisdiction in the district court.  In sum, Plaintiff's failure to allege an actual basis for this Court's jurisdiction is a second basis which warrants dismissal of the Complaint.[5]

### D. Plaintiff Has Failed to State a Cognizable Claim.

Even if the Court granted Plaintiff leave to amend his Complaint to properly allege a basis for this Court's subject matter jurisdiction, dismissal would still be appropriate under Rule 12(b)(6).  Defendant argues that under the plain language of INA § 212(a)(9)(C)(ii), Plaintiff is ineligible to file an I-212 application for ten years. Motion at 12.  Plaintiff, however, contends that § 212(a)(9)(C) does not apply to him because "he was not at the time of the application unlawfully present within the United States."  Response at 11.  Instead, Plaintiff contends that § 212(a)(9)(A) applies.  Id. at 13.

The Court agrees with Defendant that § 212(a)(9)(C) applies to Plaintiff.  Plaintiff maintains that this section would only apply to him if he were *currently* unlawfully present in the United States at the time his application was filed.   Response at 13. However, this is not what the statute contemplates.  Under the plain language of this

---

[5] Defendant also argues that the Court lacks jurisdiction over any discretionary determinations of the Secretary.  Motion at 10-12.  Plaintiff concedes that this Court is without jurisdiction to adjudicate his I-212 and I-601 applications on the merits or to order the government to take discretionary action.  Response at 10. Accordingly, the Court does not address this grounds for dismissal.

statute[6], Plaintiff is inadmissible because (1) he was unlawfully present in the United States for an aggregate period of more than 1 year;[7] (2) he was ordered removed; and (3) he unlawfully entered the United States at least five times.  See Compl. at 3.  As the Ninth Circuit has recently held in Carrillo de Palacios v. Holder, 708 F.3d 1066 (9th Cir. 2013):

> The statutory text is straightforward: an alien is inadmissible if she "has been ordered removed under ... any ... provision of law, and ... enter[ed] or attempt[ed]

---

[6]   Section 212(a)(9)(C) provides, in pertinent part:

(i) In general

Any alien who—

(I) has been unlawfully present in the United States for an aggregate period of more than 1 year, or

(II) has been ordered removed under section 235(b)(1), section 240, or any other provision of law,

and who enters or attempts to reenter the United States without being admitted is inadmissible.

(ii) Exception

Clause (i) shall not apply to an alien seeking admission more than 10 years after the date of the alien's last departure from the United States if, prior to the alien's reembarkation at a place outside the United States or attempt to be readmitted from a foreign contiguous territory, the Attorney General has consented to the alien's reapplying for admission.

8 U.S.C. § 1182(a)(9)(C).

[7]   As Defendant points out, Plaintiff does not contest that he was unlawfully present in the United States for more than one year in his Response.  Reply at 10.  The Court finds that he has waived his right to do so by not addressing this issue in his Response.  See Goldman v. Bracewell & Guiliani, L.L.P., 183 F. App'x 873, 874 (11th Cir. 2006); Iraola & CIA S.A. v. Kimberly–Clark Corp., 325 F.3d 1274, 1284 (11th Cir. 2003).

to reenter the United States without being admitted." 8 U.S.C. § 1182(a)(9)(C)(i)(II). Thus, inadmissibility under this provision requires two elements: (1) an order of removal, and (2) subsequent illegal entry or attempted reentry.

Id. at 1070.  An alien may only reapply for admission pursuant to § 212(a)(9)(C)(ii), "while residing outside the United States," for a period of ten years since his last *departure*.  Id. at 1073 (citing Morales-Izquierdo v. Dep't of Homeland Sec., 600 F.3d 1076, 1079 (9th Cir. 2010)); 8 U.S.C. §1182(a)(9)(C)(ii).  Circuit Courts which have addressed this issue have overwhelmingly held that in order to be eligible for this waiver, the alien must have been outside the United States at least ten years since his last departure.  Id. (citing Perez-Gonzalez v. Gonzales, 403 F.3d 1116, 1117 (9th Cir. 2005) (Gould, J., dissenting from order denying motion to reconsider); Delgado v. Mukasey, 516 F.3d 65, 73 (2d Cir. 2008) (stating that the alien may only "seek permission to reapply for admission from outside of the United States after ten years have passed since his most recent departure from the United States"); Mortera-Cruz v. Gonzales, 409 F.3d 246, 250 n.4 (5th Cir. 2005) (noting that the alien must have "been outside the United States more than 10 years since his or her last departure"); Fernandez-Vargas v. Ashcroft, 394 F.3d 881, 885 (10th Cir. 2005) (describing requirement as "an unwaivable ten-year period outside of the United States"), aff'd, 548 U.S. 30 (2006)); see also In re Torres-Garcia, 23 I. & N. Dec. 866, 875 (B.I.A. 2006) (noting that the exception applies "'only after the alien has been outside the United States for ten years'" (quoting Berrum-Garcia v. Comfort, 390 F.3d 1158, 1167 (10th Cir. 2004))).

Because § 212(a)(9)(C)(ii) requires an alien to be outside the United States for

10

ten years before seeking reentry, it follows that those who are ineligible for reentry pursuant to § 212(a)(9)(C) may be located outside the United States at the time an I-212 application is filed.  As the Defendant states, § 212(a)(9)(C) is designed to address recidivism, i.e. those who are removed and again attempt to illegally reenter the United States.  See Motion at 16.  By contrast, § 212(a)(9)(A) does not apply to recidivist aliens previously removed.  8 U.S.C. § 1182(a)(9)(A).  Indeed, "aliens unlawfully present" is defined in § 212(a)(9)(B) to include an alien "who was unlawfully present" or "has been unlawfully present."  8 U.S.C. § 1182(a)(9)(B)(I).

In sum, Plaintiff's contention that § 212(a)(9)(C) only applies to aliens currently present within the United States at the time an I-212 application is filed would eviscerate Congress' intent to punish recidivist illegal aliens.  See Carrillo de Palacios, 708 F.3d at 1074 ("[T]he underlying purpose of § 1182(a)(9)(C) 'was to single out recidivist immigration violators and make it more difficult for them to be admitted to the United States after having departed.'") (quoting In re Briones, 24 I. & N. Dec. 355, 358 (B.I.A. 2007)); Torres-Garcia, 23 I. & N. Dec. at 873 ("A request for a waiver of the section 212(a)(9)(C)(i)(II) ground of inadmissibility that is made less than 10 years after the alien's last departure from the United States simply cannot be granted.").  Here, the record is clear that ten years has not elapsed since Plaintiff's last removal from the United States on October 17, 2005.  Compl. at 3.  Thus, USCIS did not err in finding that Plaintiff was ineligible to file an I-212 application under § 212(a)(9)(C) and Plaintiff has failed to state a claim upon which relief may be granted.  Accordingly, the Court

must grant Defendant's Motion.[8]

### III. CONCLUSION

Based on the foregoing it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Complaint [DE 23] is **GRANTED**. The Court will enter a separate final judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 26th day of June, 2014.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.

---

[8] It would be futile for the Court to grant Plaintiff leave to amend his Complaint because, as stated above, he is ineligible to file an I-212 application until October 17, 2015, and the sole cognizable issue presented in the Complaint is whether USCIS erred in denying Plaintiff's I-212 application pursuant to § 212(a)(9)(C). This Court may not review the Secretary's discretionary decision not to consider Plaintiff's I-601 application. See Motion at 12; Response at 10.